# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 18-10536-JFW(SKx)**                            Date:  February 20, 2019

Title:      The People of The State of California et al. *-v-* Crown Castle NG West LLC, et al.

**PRESENT:**
       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [filed 1/18/2019; Docket No. 23]

      On January 18, 2019, Plaintiffs The People of the State of California and County of Los Angeles ("Plaintiffs") filed a Motion to Remand. On February 4, 2019, Defendants and cross-claimants Crown Castle NG West, LLC ("Crown Castle") and Nancy Sheridan (collectively, "Defendants") filed their Opposition and an Amended Opposition. On February 11, 2019, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 25, 2019 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

      On November 15, 2018, Plaintiffs filed a Complaint against Defendants in Los Angeles County Superior Court, alleging that Defendants had unlawfully erected wireless telecommunications poles in the public rights of way within an unincorporated community in Los Angeles County. Plaintiffs allege the following state law claims for relief: (1) violation of Los Angeles County Zoning Code §§ 22.20.010, 22.20.015, and 22.20.100; (2) violation of California Business & Professions Code §§ 17200, *et seq.*; and (3) violation of California Civil Code §§ 3479 and 3480, et seq.

      On December 19, 2018, Defendants filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**II.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III. DISCUSSION

#### A. Diversity Jurisdiction

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. See 28 U.S.C. § 1332.

In this case, Defendants have failed to meet their burden of demonstrating that the parties are completely diverse. Indeed, although not raised by Plaintiffs, Defendants have failed to properly allege the citizenship of Crown Castle. In their Notice of Removal (and in their Amended Opposition to Plaintiffs' Motion to Remand), Defendants allege that "Crown Castle was, and still is, a limited liability company organized under the laws of the state of Delaware with its principal place of business in Houston, Texas, and doing business in the State of California." Notice of Removal at ¶ 5; *see also* Amended Opposition at 9. However, unlike a corporation, for the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Although Crown Castle is a limited liability company, Defendants have failed to allege the citizenship of any of Crown Castle's members.

In addition, Defendants have failed to meet their burden of demonstrating that Defendant Nancy Sheridan, a citizen of California, has been fraudulently joined. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence

in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

In this case, Plaintiffs allege in their Complaint that Nancy Sheridan "was and is a responsible corporate officer or principal of Defendant Crown" and "had overall authority over Defendant Crown's affairs, could have promptly prevented and/or remedied the violations alleged herein, but failed to use all objectively possible means to discover, prevent, and remedy the violations." Complaint at ¶ 7. Defendants admit that, on the day of removal, Sheridan was an employee of Crown Castle, and that prior to October of 2018, she was the project manager who managed the permitting process for the telecommunications poles at issue. Declaration of Edward B. Adams, Jr. at ¶¶ 3, 5. Moreover, Defendants admit in their Amended Opposition that corporate officers *may* be subject to individual liability, but argue that Plaintiffs failed to plead or identify facts that would subject Nancy Sheridan to individual liability. *See* Amended Opposition at pp. 10-12. In light of Defendants' admission that corporate officers may be subject to individual liability, and resolving all disputed questions of fact and all ambiguities in the controlling state law in favor of Plaintiffs, the Court cannot conclude that Plaintiffs have no possibility of prevailing on their claims against Nancy Sheridan. In addition, the Court concludes that Defendants' argument regarding the sufficiency of Plaintiffs' allegations are better raised in a demurrer or motion to dismiss rather than a notice of removal. *See, e.g., Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend"). Accordingly, the Court concludes that Defendants have not met their heavy burden of demonstrating, under the settled law of California, that Nancy Sheridan was fraudulently joined and, thus, the Court cannot disregard Nancy Sheridan's citizenship.

Because Defendants have failed to meet their burden of demonstrating that the parties are completely diverse, the Court concludes that it cannot exercise jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B. Federal Question Jurisdiction

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil

actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This provision is usually invoked when plaintiffs plead a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 5454 U.S. 308, 312 (2005). However, there is a "special" and "small" category of cases in which federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. *See id.* A state-law claim "arises under" federal law only if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress*." Gunn v. Minton*, 568 U.S. 251, 258 (2013).

It is undisputed that, in their Complaint, Plaintiffs only allege claims created by California state statutes and county ordinances. Nevertheless, Defendants claim that this case is one of the "special and small category of cases" in which state-law claims "arise under" federal law. Specifically, relying on the test set forth in the Supreme Court's decisions in *Grable* and *Gunn*, Defendants argue that a federal issue is necessarily raised because the Court must resolve whether Plaintiffs' claims for relief are preempted by the Telecommunications Act. *See* Amended Opposition at 14-18.

The Court concludes that Defendants have failed to demonstrate that Plaintiffs' claims "arise under" federal law. In determining whether a federal district court has "arising under" jurisdiction over a claim, the Court "must keep in mind 'the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts': the well-pleaded complaint rule." *California Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, a defendant may not remove solely "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue" in the case.[1] *Caterpillar Inc.,* 482 U.S. at 392. In this case, Defendants assert a preemption defense, which does not satisfy the well pleaded complaint rule and, thus, does not provide a basis for removal.

Defendants contend, without support, that the *Grable* test supersedes the well-pleaded complaint rule. However, "*Grable* stands for the proposition that a state-law claim will present a justiciable federal question only if it satisfies *both* the well-pleaded complaint rule *and* passes the 'implicate[s] significant federal issues' test." *California Shock Trauma Air Rescue*, 636 F.3d at 542. Because Plaintiffs' state law claims do not present a federal question on the face of their well-pleaded Complaint, the Court concludes that it does not have jurisdiction pursuant to 28 U.S.C. §

---

[1]The well-pleaded complaint rule does not apply in situations where a federal statute completely preempts an area of state law. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1002, 1107 (9th Cir. 2000). Defendants do not contend, nor could they, that the Telecommunications Act completely preempts Plaintiffs' state law causes of action.

1331.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED**.  This action is hereby remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.